## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VONQUET BOWMAN<br>*Individually and on behalf of all others*<br>*similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION and<br>NEW JERSEY CVS PHARMACY,<br>L.L.C<br><br>Defendant. | Case No:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

By and through her undersigned counsel, Plaintiff Vonquet Bowman, individually and on behalf of all others similarly situated, hereby brings forward this Collective Action against CVS Health Corporation and New Jersey CVS Pharmacy, L.L.C. to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1.      The subject matter jurisdiction of the Court is invoked pursuant 29 U.S.C. § 216(b)

and 28 U.S.C. § 1331.

2.      Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendants are incorporated in this District and subject to personal jurisdiction in this District.

## PARTIES

3.      Plaintiff Vonquet Bowman is an adult resident of Ohio who was jointly employed by CVS Health Corporation vis-à-vis New Jersey CVS Pharmacy, L.L.C. in New Jersey from 2013 to 2021.

4.      Defendant CVS Health Corporation ("CVS") is a Rhode Island corporation with headquarters at 1 CVS Dr., Woonsocket, RI 02895. CVS operates one of the largest retail pharmacy chains in the United States, with approximately 10,000 retail pharmacy locations across the country.

5.      Defendant New Jersey CVS Pharmacy, L.L.C. is a wholly-owned subsidiary of parent company CVS.

## COVERAGE UNDER THE FLSA

6.      At all relevant times, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

7.      At all relevant times, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

8.      At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

9.      Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which is separately stated).

10.    At all relevant times, Plaintiffs and the Collective Members are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

**STATEMENT OF FACTS**

11.    In December 2019, Chinese health officials first identified the novel coronavirus commonly referred to as COVID-19. By early 2020, the World Health Organization had declared a global health emergency, with the United States quickly following suit and declaring a public health emergency for the nation. Many local and state governments implemented lockdowns and strict social distancing requirements to slow the spread of the deadly virus, while businesses largely transitioned to virtual work, wherever possible. The societal impact of the COVID-19 pandemic is staggering and ongoing.

12.    Throughout 2020, various pharmaceutical companies, such as Pfizer, Inc. and Moderna, Inc., worked to develop effective vaccines against COVID-19. Each company's vaccine candidate received emergency authorization from U.S. regulators by the end of 2020. Along with Walgreens Boots Alliance, Inc., CVS announced a coordinated effort to administer vaccine doses to residents of long-term U.S. nursing care facilities beginning in December 2020.

13.    Plaintiff Bowman has been jointly employed by CVS vis-à-vis New Jersey CVS Pharmacy, L.L.C. as a pharmacy technician since 2013. In late December 2020, Plaintiff was assigned to work on the long-term nursing care facility vaccine administration project, as announced and mandated by parent company CVS. At this time, her rate of pay for normal working hours was $16.67 per hour. The vaccine project required Plaintiff to travel to long-term nursing care facilities and directly administer the vaccine to residents. Long-term nursing care facilities are high-risk environments for the spread of viral and bacterial disease, including

COVID-19.[1] As such, Plaintiff and other CVS employees assigned to the vaccine project were paid a premium rate of $20.00 per hour for all time worked on the project.

14.     This premium pay rate for the vaccine project was part of the regular rate of pay as defined by FLSA and its implementing regulations. Under FLSA, the regular rate of pay must consist of all forms of remuneration including "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

15.     Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

16.     Plaintiff and those similarly situated often worked in excess of 40 hours per week while working on the vaccine project but were paid overtime for those hours at a rate that failed to include Defendant's extra premium, as required by FLSA, for time spent on the project.

17.     For example, Plaintiff's pay stub covering the period 01/03/2021 – 01/09/2021 shows a regular rate of $16.67 per hour and an overtime rate of $25.01 per hour. This overtime rate is one and one-half times the regular rate as stated. However, the 01/03/2021 – 01/09/2021 pay period also includes 25.33 hours worked on the vaccine project, paid at a rate of $20.00 per hour. Therefore, her overtime rate for this period does not account for this non-discretionary premium, which amounts to an additional $3.33 paid per hour, and therefore violates the Fair Labor Standards Act.

18.     As a result of these violations, Defendants are liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees, expenses, interest, court costs, and any other relief deemed appropriate by the Court.

---

[1] https://www.aarp.org/caregiving/health/info-2020/nursing-homes-coronavirus-faqs.html

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FAIR LABOR
## STANDARDS ACT

19.     Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all CVS Health Corporation and New Jersey CVS Pharmacy L.L.C. employees (a) who worked on the long-term nursing care facility vaccination project, as announced and mandated by parent company CVS, and were therefore eligible for and received the non-discretionary extra premium pay, and (b) whose overtime rates during periods of work on the vaccine project did not account for the extra premium pay as required by FLSA and its implementing regulations.

20.     Plaintiff and Collective Action Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and received the non-discretionary premium pay and such pay was inappropriately excluded from their regular rate for determining overtime payment, as statutorily required.

21.     Resolution of this action requires inquiry into common facts.

22.     These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

23.     Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail or other means, including email, and allowed to opt-in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the Fair Labor Standards Act.

24.     There are many similarly situated current and former CVS employees who have not been paid their statutorily-required overtime rates and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## COUNT 1

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

25.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

26.     CVS Health Corporation and New Jersey CVS Pharmacy L.L.C.  are joint employers within the meaning of 29 U.S.C § 203(d).

27.     Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

28.     The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendants' premium rate paid for all hours worked on the long-term nursing care facility vaccine administration project does not fall into any of those exceptions. Additionally, FLSA implementing regulations make clear that the regular rate of pay includes "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

29.     CVS failed to include extra premium payments into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

30.     At all relevant times, Defendants had a policy and practice of willfully failing to pay Plaintiff and all Collective Action Members the legally required amount of overtime

compensation for all hours worked in excess of 40 hours per workweek, in violation of FLSA.

31.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, defendants have violated FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of FLSA within the meaning of 29 U.S.C. § 255(a).

32.     Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendants' violations of FLSA, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records that Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

33.     Plaintiff and all others similarly situated are entitled to back pay and liquidated damages in an amount equal to their back pay, as well as reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## Prayer for Relief

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment as follows:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide to Plaintiff a list of all persons

employed by them who were eligible for and did receive any extra premium pay for their work on the long-term nursing care facility vaccine administration project on at least one paycheck on which they also earned overtime compensation. This list shall include the last known address, email, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

b. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of recovered back pay and an equal amount in liquidated damages;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

/s/ Peter N. Wasylyk
Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
(RI Bar No. 3351)
1307 Chalkstone Avenue
Providence, RI 02908
Tel: (401) 831-7730
Fax (401) 861-6064
Email: pnwlaw@aol.com
.
Nicholas A. Migliaccio (*pro hac vice* anticipated)
Jason S. Rathod (*pro hac vice* anticipated)
MIGLIACCIO & RATHOD LLP
412 H Street NE, 3rd Floor
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiff and the Proposed Collective* Action